Steven C. Vondran, [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail: steve@vondranlegal.com

Attorney for Plaintiff: *Dr. Elliot McGucken*

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> VACATION RENTAL IN MAMMOTH, un Unknown Entity, and KENNETH JOHN RHODE, an Individual, and DOES 1-25 inclusive. <br><br> Defendant(s) | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR WILLFUL COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR A JURY TRIAL** |

COMES NOW Dr. Elliot McGucken ("Plaintiff"), hereby alleging as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, *17 U.S.C. §101 et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to *28 U.S.C. §1331* (federal question) and *28 U.S.C.§ 1338* (jurisdiction over copyright actions).

3. This Court has personal jurisdiction over Defendants because Defendants have targeted and caused damage in this jurisdiction and the brunt of the infringement injury is and was directed toward this jurisdiction and can be felt in this jurisdiction. Defendants purposely avail themselves of the protections of this jurisdiction by running, operating and advertising their business directed toward California individuals including those located within this jurisdiction.

4. Venue in this judicial district is proper under *28 U.S.C. §1391 et seq.* and in that this is the judicial district in which a substantial part of the acts and/or omissions giving rise to the claims are believed to have occurred and where personal jurisdiction otherwise exists as Defendants activities injured Plaintiff in this jurisdiction.

## PARTIES

5. Plaintiff Dr. Elliot McGucken ("McGucken or "Plaintiff") is a professional photographer and author residing in Los Angeles, California. He does not sell his images on stock art websites. He has sold his art for as high as $8,000 and his work has appeared on the cover of Nikon magazine and in other publications. He routinely provides art to U.C.L.A. medical. He also sells photography books which can be found on Amazon.com. His art and entrepreneurship course have also been reported in the New York Times.

6. Defendant VACATION RENTAL IN MAMMOTH, ("Defendant" and/or "Defendants" and/or "VRIM") has infringed Plaintiff's copyrights causing damage in this jurisdiction and have purposefully availed themselves of the protections of this jurisdiction. Defendant is believed to be a commercial business entity of unknown type.

7. On information and belief, Defendant KENNETH JOHN RHODE is believed to be an officer and/or director of VRIM with both a financial interest in the use and infringement of the unlicensed photography used on his website, and also had the ability to control, supervise and/or had the ability to prevent any infringement, but

did not do so for his own personal financial gain.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 25, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants, and all fictitiously named Defendants.

9. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees' officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and, insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates and re-alleges the allegations above as if alleged herein.

11. Plaintiff is a fine art photographer, author and has a PhD in physics. He does not sell his photographs via "*stock images*" websites (like Getty or iStockPhoto) and instead is in the business of building a fine art *brand* with exquisite photography that are subject to widespread infringement requiring an ongoing enforcement effort.

12. Much time and financial risk goes into each shoot including photography and equipment expense, travel costs and other costs.

13. Many persons incorrectly believe they can download and use his images, without authorization for their own personal and commercial uses without paying for the proper license. Defendants have not paid for a license and had no consent to use any of

Plaintiff's photos.

14. Plaintiff is the sole author and rights holder to the original photograph(s) that were *willfully infringed* by Defendant(s) (the "Image(s)" and/or "Work(s)"), a true and correct copy of the United States Copyright Registration is attached hereto as **Exhibit "A"** registration number **VA002111295**. The Court thus has subject matter jurisdiction to hear this claim.

15. Defendants have unlawfully copied and/or reproduced and/or publicly displayed Plaintiff's Image(s), without consent or authorization and done so *COMMERCIALLY* capitalizing of Plaintiff's copyrighted Work(s).

16. Plaintiff discovered the Image being used on Defendant's Website and demanded that the photo(s)/images be taken down and any proof of licensing be provided (See **Exhibit "B"** the original demand that was sent on or around 12/03/18).

17. Defendant responded on or around March 8, 2019, claiming he took the image down but provided no proof that Plaintiff ever authorized the Defendant(s) to use the Image(s) and/ Works(s) in any manner whatsoever, and no license is known to exist.

18. On information and belief, the Defendants knew they did not have permission to use the Image on the Website for commercial purposes, and willfully infringed Plaintiff's Image by consciously failing to obtain a proper commercial license and in reckless disregard of the rights of the photographer.

**19.** Thereafter, it was later learned that Defendant continued to use the Image/Work on their website, for commercial purposes as can be seen in **Exhibit "C."** This continued willful use in the face of a prior copyright infringement notice constitutes malicious and willful infringement wherefore Plaintiff seeks the maximum penalties allowed by law.

# FIRST CAUSE OF ACTION
# COPYRIGHT INFRINGEMENT

*[Against All Defendants]*

20. Plaintiff incorporates and re-alleges all of the above paragraphs of this Complaint and all Exhibits as though fully stated herein.

21. Plaintiff is informed and believes and thereon alleges that the Defendants willfully violated the exclusive rights of Plaintiff's original copyrighted Work and infringed upon Plaintiff's copyrighted Image in violation of *Title 17 of the U.S. Code*, in that it used, published, communicated, posted (publicly displayed), distributed, and/or otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, without a paid license, and by using it in the Infringing manner on Defendant's Website for their own commercial purposes.

22. There is no "fair use" of Plaintiff's work which is an original work of authorship.

23. Plaintiff did not consent to, authorize, permit, agree, or allow in any manner Defendant's said use and continued use of Plaintiff's unique and original Image including for any reproduction, distribution, public display or any other violation of his Exclusive rights as a registered copyright holder.

24. Defendants were aware that they were violating the law as noticed by receiving the initial demand letter, and then and thereafter, intentionally infringing the copyright of Plaintiff with absolutely no regard to his federally registered copyright.

25. Defendants are presumed to know the law, and thus presumed to know the Images were copyrighted and were on actual and constructive notice of their infringement and recklessly disregarded Plaintiff's rights.

26. Defendants did not seek any license or permission to obtain or use the photo Images which are copies, reproductions and substantially similar to Plaintiff's

copyrighted work to which Defendants had access to, and did access and misappropriate for their own commercial benefit.

27. Defendants acts and omissions thus willfully violated Plaintiff's exclusive rights to his Copyrights including the:

(a) the exclusive right to **reproduce** its Works in Copies in violation of *17 U.S.C. §106(1) and §501*

(b) ) the exclusive right to **distribute copies** of the Works to the public in violation of *17 U.S.C. §106(3) and §501*

(c) ) the exclusive right to **publicly display** the copyrighted *Works in violation of 17 U.S.C. §106(5) and §105* by showing (copying) individual images of the Works.

(d) has violated Plaintiff's **moral rights** in his Works/Images.

28. Thus, they intentionally infringed, and acted in complete disregard of Plaintiff's exclusive rights which, by law, Defendants are presumed to know and must follow.

29. Defendants committed infringements "*willfully*" within the meaning of *17 U.S.C. §504(c)2 because they were made aware of the infringement and disregarded it,*

30. As a result of Defendants willful violations of *Title 17 of the U.S. Code*, Plaintiff is entitled, at his election, to any actual damages pursuant to *17 U.S.C. §504(b)*, or statutory damages in an amount from $30,000 up to $150,000.00 per willful infringement pursuant to *17 U.S.C§ 504(c).*

31. As a result of the Defendants' violations of *Title 17 of the U.S. Code*, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to *17 U.S.C § 505 and* Plaintiff hereby seeks costs and reasonable attorney fees.

32. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to *17 U.S.C. § 502* to prevent Defendant and/or

their agents, representatives, successors, assigns, contractors and others from engaging in future acts of infringement of Plaintiff's valuable copyrighted works.

33. Plaintiff obtained a Default Judgment of $120,000 in another case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

- For an award of actual damages and disgorgement of all of Defendants profits attributable to the infringement as provided by *17 U.S.C. §504* in an amount to be proven at trial, or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount from $30,000 up to $150,000.00 for each *willful infringement* pursuant to *17 U.S.C. §504(c),* whichever is larger;
- For an order pursuant to *17 U.S.C. §502(a)* enjoining Defendants and their agents, representatives, employees and successors and assigns from any further infringing use of any of Plaintiff's Image(s); (**See requested language below**)
- For costs of litigation and reasonable attorney's fees against Defendants pursuant to *17 U.S.C. §505*;
- For an award of pre- and post-judgment interest; and
- For any other relief the Court deems just and proper.
- Plaintiff hereby demands a jury trial

## INJUNCTION REQUESTED

Defendants are and will suffer irreparable harm if Defendant is allowed to continue to infringe Plaintiff's copyrights Work(s) by continuing to use, post, copy or distribute any Work(s) of Plaintiff as identified herein. WHEREFORE:

The Court should ORDER:

1. Defendants, and each of them, shall be, and hereby are, TEMPORARILY AND PERMANENTLY ENJOINED from directly or indirectly infringing Plaintiff's copyrighted Work(s) as shown herein.

2. This injunction shall apply to any employee, contractor, agent, representative, parent company, subsidiary, successor, assign or affiliate of Defendant including without limitation any use of the Internet or any online media distribution system to copy or reproduce (i.e. download, upload, record or copy), to distribute (i.e. upload), or to make any of the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of the Copyright holder-Plaintiff.

3. Defendants shall destroy all copies of Plaintiffs Work(s) in their possession and/or control (whether existing in digital format, online, physically offline or otherwise) from any and all hard drives, servers, electronic storage devices, web servers, or other devices that may exist and provide proof of destruction to Plaintiff in the form of a video tape showing the destruction.

>>>>>

>>>>>

4. Defendants shall provide notice of Compliance with this injunction to Plaintiff within 30 days of the Court Order and submit proof to the Court.

IT IS ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE

THE FOREGOING HEREBY RESPECTFULLY SUBMITTED,

DATED: December 3, 2019     **THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**

By: /s/ Steven C. Vondran, Esq.
Steven C. Vondran, [SBN 232337]
ATTORNEY FOR PLAINTIFF
DR. ELLIOT MCGUCKEN
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail: steve@vondranlegal.com